IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2791-MSK-STV

MONICA SCHNITTGRUND,

 Plaintiff,

*v.*

DENVER PUBLIC SCHOOLS,

 Defendant.

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment (**# 33**) and the Plaintiff's Response (**# 35**). For the following reasons, the Motion is granted.

### I. JURISDICTION

The Court exercises jurisdiction under 28 U.S.C. § 1331.

### II. BACKGROUND[1]

Plaintiff Monica Schnittgrund, now 54, was a teacher at Smith Elementary School, part of Denver Public Schools (the District). After teaching with the District for 17 years, her position was eliminated in March 2011.[2] She then worked as a teacher at Steck Elementary School during the 2011-2012 academic year on a temporary basis while she sought a permanent

---

[1] The Court recounts the undisputed facts and the disputed facts in the light most favorable to Ms. Schnittgrund, the nonmoving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).
[2] The record does not contain much information on Ms. Schnittgrund's teaching qualifications other than she had 17 years of teaching experience.

1

position.   At age 48, she applied for 85 teaching positions in the District and received interviews at Steck, Grant Ranch Elementary School, Traylor Elementary School, and Fairview Elementary School.   She also applied and received an interview to be a peer observer.   She was not hired for any of the positions and remains on indefinite unpaid leave.

Following the Court's order (## **29**, **31**) on the District's Motion to Dismiss (# **14**), Ms. Schnittgrund brings one claim of discrimination in violation of the Age Discrimination in Employment Act (ADEA).   The District now moves for summary judgment (# **33**).

### III.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.   *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).   Substantive law governs what facts are material and what issues must be determined.   It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.   *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.   *See Anderson*, 477 U.S. at 248.   When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.   *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV. DISCUSSION

It is unlawful to discriminate against an individual with respect to her terms and conditions of employment because of her age. 29 U.S.C. § 623. The posture of this case is not the standard age-discrimination paradigm where a plaintiff was discharged and a younger person was hired to fill the position. Rather, Ms. Schnittgrund's position was eliminated. She does not contend that the elimination of her job was based on her age. She contends that when she applied for new jobs, she was not selected due to her age. Thus, to establish a *prima facie* case under the ADEA, Ms. Schnittgrund must prove that (1) she is within the protected age group; (2) she was not selected for positions with the District; (3) she was qualified for the

positions; and (4) the positions were filled by younger people. *See Rivera v. City & Cty. of Denver*, 365 F.3d 912, 920 (10th Cir. 2004).

If there is no direct evidence of discrimination, the Court applies the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *McDonnell Douglas* applies to Ms. Schnittgrund's ADEA claim. *See Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1278–79 (10th Cir. 2010). Under this framework, Ms. Schnittgrund must first make out a *prima facie* case of discrimination as described. If she is successful, the burden shifts to the District to articulate a legitimate, nondiscriminatory reason for its employment actions. If the District proffers such a reason, the burden then shifts back to Ms. Schnittgrund to ultimately show that the stated reasons are merely "pretextual." *McDonnell Douglas*, 411 U.S. at 804–05.

The District does not dispute that Ms. Schnittgrund can establish a *prima facie* case, arguing instead that it had legitimate, nondiscriminatory reasons for not hiring her — essentially that it had better qualified applicants. Ms. Schnittgrund's response to the Motion for Summary Judgment offers no evidentiary matters, referring only to her charge of discrimination filed with the EEOC. Because Ms. Schnittgrund appears pro se*,* the Court is required to liberally construe her pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding pro se filings to less stringent standards than formal pleadings drafted by licensed attorneys). Thus, the Court views the factual statements in her EEOC charge as if made by Ms. Schnittgrund in an affidavit.

The District has come forward with evidence to show that the employees it hired had qualifications that Ms. Schnittgrund did not have. Instead of hiring Ms. Schnittgrund, Steck hired a paraprofessional with a teaching license, who had worked at Steck, was effective with

4

students, and had the highest test scores in the fourth grade.[3]   # 33-5 at 1–2.   Rather than hiring Ms. Schnittgrund, Grant Ranch hired three teachers, ages 29, 30, and 52.   The first teacher was hired because she had a technology background and expertise in a specific learning tool used by the school.   The second teacher was a Grant Ranch substitute and had a good rapport with students.   The third teacher was hired because she had significant experience implementing academic programs elsewhere in the District.   # 33-6 at 1–2.   In lieu of Ms. Schnittgrund, Traylor hired a 46-year-old teacher because she came highly recommended by another Traylor teacher.   # 33-7 at 1–2.   For peer observer, the District hired three teachers, ages 32, 38, and 48.   The first was hired because she was certified in early education and had experience with at-risk students.   The second was hired because she had experience in multiple programs and was a reading expert.   The third was hired because she had been a peer observer.[4]   # 33-8 at 1–2.

The burden thus shifts to Ms. Schnittgrund to demonstrate that these justifications were pretextual, and that the real justification for not hiring her was her age.   Pretext can be established by producing evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the District's proffered reason that a reasonable trier of fact could rationally conclude that the proffered reason is untrue. *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005).   In the EEOC charge, Ms. Schnittgrund speaks to these justifications only in the context of the Steck school.   She suggests that there were a number of

---

[3]   The District's evidence does not indicate how old Elizabeth Ginsburg, the paraprofessional, was, but the Court assumes she was younger than Ms. Schnittgrund.
[4]   The District did not proffer any evidence regarding Fairview, but the substance of Ms. Schnittgrund's charge is that she had an interview scheduled with a principal who kept Ms. Schnittgrund waiting and left for the day without interviewing her.   # 1 at 24.   Even if true, this evidence is not probative of age discrimination because it does not identify a similarly-situated employee hired instead of Ms. Schnittgrund.

5

nondiscriminatory reasons she was not hired at Steck: the paraprofessional worked for a teacher on the hiring committee and was a good friend of a Steck kindergarten teacher and administrative intern on the hiring committee, but she offers nothing that indicates that she was not hired because of her age.

Ms. Schnittgrund does not expressly address the District's proffer of nondiscriminatory reasons other schools did not hire her. She does, however, make two general arguments. First, as an experienced teacher, her salary was more expensive to the District than that of a younger, less qualified candidate, and second, she had satisfactory performance reviews. Although it may be logical to assume that older teachers are paid more at greater cost to the District, Ms. Schnittgrund has not come forth with any evidence to substantiate this assumption. To the contrary, the District states that all of the schools in question were given a flat rate for each teacher. *See* # 33-2 at 7. As to her reviews / qualifications, Ms. Schnittgrund's reviews are pertinent to an element of her *prima facie* claim, but they do not tie directly to the District's reasons for hiring other teachers. Ms. Schnittgrund makes no attempt to describe the differences between her qualifications and performance and that of the teachers who were hired. Thus, the two arguments raised by Ms. Schnittgrund are speculative.

Because Ms. Schnittgrund has not come forward with evidence to establish that the District's justification for hiring teachers other than her was a pretext for discrimination against her based on her age, entry of summary judgment for the District is appropriate.

6

## V.    CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (**# 33**) is **GRANTED**.    Judgment shall issue in favor of the Defendant.

Dated this 2nd day of July, 2018.

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge